THE STATE, Appellant, v. ROSS, Respondent.

1. An indictment charging that the defendant, a minister of the gospel, unlawfully joined in marriage a minor, "without then and there having the certificate or presence and consent of the parent or guardian, or other person having the care and government of such minor," is insufficient.

*Appeal from Polk Circuit Court.*

The quashing of the following indictment, which was founded on the act regulating marriages (R. C. 1855, p.

1062), constitutes the error complained of: "The grand jurors for the State of Missouri, &c., upon their oaths present, that James P. Alsup on the 19th day of July, A. D. 1856, at the county of Polk aforesaid, was then and there a minor under the age of twenty-one years, and was then and there the son of John P. Alsup, who was then and there the father and natural guardian of James P. Alsup, and who had the legal custody of said James P. Alsup, to-wit, at the county of Polk aforesaid; and the jurors aforesaid, upon their oaths aforesaid, do further say that Robert Ross, late of the county of Polk and state of Missouri, on said 19th day of July, A. D. 1856, at the county of Polk aforesaid, the said Robert Ross then and there being a minister of the gospel, did then and there unlawfully join in marriage said James P. Alsup and Maria Ross, the said James P. Alsup then and there being a male under the age of twenty-one years, without said Robert Ross then and there having the certificate or presence and consent of the parent or guardian or other person having the care and government of such minor, to-wit, on said 19th day of July, A. D. 1856, at the county and state aforesaid, contrary," &c.

*Ewing*, (attorney general,) for the State.

*F. P. Wright*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The indictment in this case was properly quashed because it does not follow the law under which it was framed. The seventh section of the act regulating marriages prohibits the joining in marriage any male under the age of twenty-one years or female under the age of eighteen years, unless the parent or guardian, or other person under whose care or government such minor may be, shall be present and give consent thereto; or unless the minor applying shall produce a certificate in writing under the hand of the parent or parents or guardian, or, if such minor has no parent or guardian, then under the hand of the person under whose care and government he or she may be.

The indictment does not allege that the minor did not pro-
duce a certificate of approbation from the proper person, but
only that the defendant *performed the marriage ceremony*
without " then and there *having the certificate* or presence
and *consent* of the parent or guardian or other person having
the care and government of such." Certificate of what?
The law does not require the person performing the ceremony
to have a certificate, whether the parent or guardian is pre-
sent or not; but it is sufficient that a proper certificate is
produced by the minor. There is nothing in the indictment
negativing the fact that the minor produced the necessary
certificate.

The judgment will be affirmed with the concurrence of the
other judges.